IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joseph Mangioni, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 8842 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Joseph Mangioni, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Joseph Mangioni ("Mangioni"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Direct Merchants/Metris Bank.

4. Defendant, Midland Credit Management, Inc. ("Midland Credit"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland Credit was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Midland Funding, LLC ("Midland Funding"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Midland Funding operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Midland Funding was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Midland Funding is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via its sister company, Midland Credit.

7. Defendants Midland Credit and Midland Funding are each authorized to conduct business in the State of Illinois, and maintain registered agents within the State

of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Midland Credit and Midland Funding both conducts extensive business in Illinois.

8. Moreover, Defendants Midland Credit and Midland Funding are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Midland Credit and Midland Funding both act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. On June 30, 2005, Mr. Mangioni and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Mangioni, N.D. Ill. Bankr. No. 05-26256. Among the debts listed on Schedule F of Mr. Mangioni's bankruptcy petition was a debt he allegedly owed for a Direct Merchants/Metris Bank account. See, excerpt of bankruptcy petition attached as Exhibit C.

10. On July 3, 2005, Direct Merchants/Metris Bank was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit D.

11. On October 11, 2005, Mr. Mangioni received a discharge from the Bankruptcy Court as to his debts, including the debt he owed for the Direct Merchants/Metris Bank account, and on October 13, 2010, Direct Merchants/Metris Bank was sent, via U.S. Mail, notice of the discharge by the court, see, the Certificate of Service to the Discharge of Joint Debtors, which is attached as Exhibit E.

12. Nonetheless, on or about 2010, after all liability for that debt had been discharged, Defendant Midland Funding bought the Direct Merchants/Metris Bank debt

3

and had its sister company, Defendant Midland Credit, begin trying to collect the account from Mr. Mangioni by calling him to demand payment, including, but not limited to, telephone calls on December 17 and 20, 2010.

13. During each of the December 17, 2010 and December 20, 2010 telephone calls, Mr. Mangioni informed Defendants' debt collectors that he had filed bankruptcy in 2005 and thus no longer owed the debt. Moreover, during the second phone call on December 20, 2010, Mr. Mangioni gave Defendants' debt collector, "Lisa", the name and phone number for one of his attorneys.

14. Undeterred, on or about January, 2011, Defendants falsely reported on Mr. Mangioni's credit history that the Direct Merchants/Metris -- which by then had become an HSBC account after HSBC bought Direct Merchants/Metris bank -- was owed by Mr. Mangioni to Midland Funding.

15. Moreover, Defendants also sent Mr. Mangioni a collection letter, dated February 18, 2011, which continued to demand payment of the discharged debt and which falsely stated that the last time it had talked with Mr. Mangioni, he had merely "indicated" that he was "planning to file bankruptcy". A copy of this collection letter is attached as Exhibit F.

16, Section 1692g of the FDCPA requires that, within five days after the initial contact with a consumer in connection with the collection of a debt, a debt collector must send the consumer a written notice containing certain information, including: the amount of the debt; the name of the creditor to whom the debt is owed; a statement that, unless the consumer disputes the validity of the debt, or any portion thereof, within thirty days of the date of the notice, that the debt collector will assume the debt to be

valid; a statement that if the consumer notifies the debt collector, in writing, that the debt, or any portion thereof is disputed, the debt collector will obtain verification of the debt and mail a copy to the consumer; and a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. See, 15 U.S.C. § 1692g(a).  Although the December 17, 2010 telephone call was Mr. Mangioni's initial contact with Defendants, to date, Mr. Mangioni has received no such notice.

17. All of Defendant Hanna's collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692e Of The FDCPA --
### Numerous False Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-18.

20. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

5

21. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

22. Defendants, by making a negative credit report, when Defendants had no right to do so and by acting as a collection agency when it had no right to do so, violated § 1692e(5) of the FDCPA.

23. Moreover, Defendants further violated § 1692e by falsely stating that Mr. Mangioni had merely "indicated" that he was "planning to file bankruptcy", when, in fact, he told it that he had filed bankruptcy and been discharged from any liability.

24. Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-18.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew, or readily could have known, that Mr. Mangioni was represented by counsel in connection with his debts. First, because his bankruptcy filing showed he was represented by counsel. Second, because on December 17 and 20, 2010, he had told Defendants' debt collectors that he was represented by counsel.

By directly calling Mr. Mangioni and by sending him a collection letter (Exhibit F), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29. Plaintiff, Joseph Mangioni, brings this action individually and as a class action on behalf of all persons similarly situated from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Direct Merchants/Metris Bank, that was then allegedly owed to Midland Funding, as to which the debt was no longer owed because the consumer had received a discharge from the bankruptcy court of their obligation for the debt, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' collection actions violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30. Defendants regularly engage in debt collection, using the same practices it used against Plaintiff Mangioni, in its attempts to collect delinquent consumer debts from other persons.

31. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts that were no longer owed because the consumer's obligation had been discharged by the bankruptcy court.

32. Plaintiff Mangioni's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff Mangioni will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Mangioni has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joseph Mangioni, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

    2.      Appoint Plaintiff Mangioni as Class Representative of the Class, and his attorneys as Class Counsel;

    3.      Find that Defendant's collection actions violate the FDCPA;

    4.      Enter judgment in favor of Plaintiff Mangioni and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joseph Mangioni, individually and on behalf of all others similarly situated, demands trial by jury.

                                          Joseph Mangioni, individually and on behalf of all others similarly situated,

                                          By:/s/ David J. Philipps_____
                                          One of Plaintiff's Attorneys

Dated: December 13, 2011

James Shedden       (Ill. Bar No. 6183154)
Tony Kim             (Ill. Bar No. 6279202)
Schad, Diamond & Shedden, PC
332 South Michigan Avenue, Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 (FAX)
jshedden@lawsds.com
tkim@lawsds.com

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com